FILED
2023 Mar-16  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NOLAN WATKINS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO._____ |
| | ) | |
| THE ALABAMA GREAT SOUTHERN | ) | |
| RAILROAD COMPANY, a corporation; | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

## C O M P L A I N T

## I.  INTRODUCTION

1.      This civil action arises from the on-the-job injuries sustained by the Plaintiff while working as a conductor trainee and the Defendants' delay in securing medical care for those injuries.  The Plaintiff's claims for compensation for the on-the-job injuries are brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. The Plaintiff's claim for damages for the Defendants' delay in securing medical care for his injuries is brought under the Federal Rail Safety Act, 49 U.S.C. § 20109.

## II.  PARTIES

2.      The Plaintiff, Nolan Watkins, is an adult citizen of the State of Alabama.  He resides in Walker County, Alabama.

3.      The Defendant, The Alabama Great Southern Railroad Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire.

1

The Alabama Great Southern Railroad Company is a corporation formed under the laws of the State of Alabama, and its principal place of business is in Jefferson County, Alabama. The Alabama Great Southern Railroad Company is a subsidiary of Norfolk Southern Railway Company.

4.      The Defendant, Norfolk Southern Railway Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire.  Norfolk Southern Railway Company is a corporation formed under the laws of the Commonwealth of Virginia, and its principal place of business is in Atlanta, Georgia.

### III.   JURISDICTION AND VENUE

5.      The Plaintiff's claims arise under the following laws of the United States:  the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*., and the Federal Rail Safety Act, 49 U.S.C. § 20109.  Accordingly, the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in the Northern District of Alabama.  A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Northern District of Alabama. The Alabama Great Southern Railroad Company's principal place of business is in Jefferson County, Alabama.  All Defendants engage in substantial business in the Northern District of Alabama and are subject to personal jurisdiction in this forum.

### IV.   FACTS

7.      At all times referred to herein, Plaintiff Nolan Watkins was employed as a conductor trainee by Defendants The Alabama Great Southern Railroad Company (AGS) and Norfolk Southern Railway Company, and his home terminal was Norfolk Southern's Norris Yard

in Jefferson County, Alabama.

8.      In the early morning hours of April 3, 2022, Plaintiff Nolan Watkins was severely injured while training with an AGS crew at the KyKenKee facility near Vance, Alabama.  At the time of his injury, Mr. Watkins and the AGS crew were performing a shoving movement.  A shoving movement is a switching operation in which the locomotive engine pushes railcars instead of pulling them.  The conductor who was responsible for training and supervising Mr. Watkins that shift instructed him to provide point protection by radioing distance information to the engineer while riding the side-ladder of the lead car of the shoving movement.  The railcar that the conductor ordered Mr. Watkins to ride was a loaded lumber car.  This was Mr. Watkins first time to work on this job, and it was his first time to ride a loaded lumber car.  Mr. Watkins was reaching for the grab iron after radioing a car count to the engineer when a hard jolt caused the load of lumber to suddenly shift forward and to crush his right arm and hand between the lumber and the bulkhead of the railcar.  Mr. Watkins was caused to suffer severe and permanent injuries to his right arm and hand.

9.      The trainmaster was notified of the Plaintiff's injury soon after it happened.  The trainmaster was told that Mr. Watkins' arm had been crushed by shifting lumber and was swollen.  The trainmaster was notified that Mr. Watkins wanted and needed medical attention. The trainmaster did not arrange for Mr. Watkins to be promptly transported to the nearest hospital.  Instead, the trainmaster instructed the crew to complete their scheduled work and said that he would take Mr. Watkins for medical care when the crew arrived back at the Norfolk Southern Intermodal Terminal in McCalla, Alabama, at the end of their shift.

10.     When the crew finally arrived back at the terminal in McCalla, the trainmaster

was not there to take Mr. Watkins for medical treatment.  So Mr. Watkins had to wait in pain for

the trainmaster to arrive.  By the time that the trainmaster finally arrived and drove Plaintiff to

Medical West, hours had passed since he was injured and first asked for medical care.

## V.   FIRST CAUSE OF ACTION

11.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

12.     The Plaintiff avers that all of his injuries and damages were caused, in whole or in

part, by the negligence of Defendants, acting by and through their agents, servants or employees

while acting within the line and scope of their employment for said Defendants or by reason of a

defect or insufficiency due to the Defendants' negligence in their training, supervision, work

practices, safety practices and train handling at the time and place where the Plaintiff suffered his

injuries.

13.     The Plaintiff avers that he has suffered and seeks to recover compensation under

the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* for the following injuries and

damages:

(a)     Past and future lost wages and benefits;

(b)     Permanent impairment of his ability to earn a living;

(c)     Past and future medical expenses;

(d)     Past and future physical pain, mental anguish and emotional distress;

(e)     Permanent injury and permanent physical impairment;

(f)     Inability to carry out and enjoy the usual and normal activities of life.

WHEREFORE, Plaintiff hereby demands of the Defendants compensatory damages as

assessed by a jury after a fair and accurate consideration of the facts of this cause, together with

the costs of the proceeding.

## VI.   SECOND CAUSE OF ACTION

14.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

15.     The Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendants to use reasonable care to provide to the Plaintiff a reasonably safe place to work.

16.     The Plaintiff avers that he has suffered and seeks to recover compensation under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* for the following injuries and damages:

> (a)     Past and future lost wages and benefits;
>
> (b)     Permanent impairment of his ability to earn a living;
>
> (c)     Past and future medical expenses;
>
> (d)     Past and future physical pain, mental anguish and emotional distress;
>
> (e)     Permanent injury and permanent physical impairment;
>
> (f)     Inability to carry out and enjoy the usual and normal activities of life.

WHEREFORE, Plaintiff hereby demands of the Defendants compensatory damages as assessed by a jury after a fair and accurate consideration of the facts of this cause, together with the costs of the proceeding.

## VII.   THIRD CAUSE OF ACTION

17.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

5

18.     The Plaintiff avers that the Defendants violated the Federal Railroad Safety Act provision at 49 U.S.C. § 20109 (c)(1) on April 3, 2022, by delaying medical attention and transportation to the nearest hospital to the Plaintiff for hours after being notified that he had suffered an on-duty injury and wanted medical attention.

19.     The Plaintiff avers that he has properly exhausted his administrative remedies for this action under the Federal Railroad Safety Act.  Plaintiff filed a complaint regarding the Defendants' violation of the Federal Rail Safety Act with the Regional Director of the Department of Labor, Occupational Safety & Health Administration on August 8, 2022.  After more than 210 have passed without the Department of Labor, Occupational Safety & Health Administration, issuing a decision, the Plaintiff exercises his right to kick-out and to pursue this claim in federal district court.

20.     The Plaintiff avers that he has suffered and seeks to recover the following relief for the Defendants' violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109:

(a)     Compensatory damages, including for emotional distress and mental anguish;

(b)     Special damages, including litigation costs, expert witness fees and reasonable attorney fees; and

(c)     Punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this cause, interest from the date of the violation, the costs of this proceeding, and reasonable attorney fees.

## VIII.   JURY DEMAND

21.     Plaintiff demands a trial by a jury.


**BURGE & BURGE, P.C.**

/s/F. TUCKER BURGE, SR.
F. TUCKER BURGE, SR. (BUR019)

/s/ F. TUCKER BURGE, JR.
F. TUCKER BURGE, JR. (BUR180)
2001 Park Place Tower #1350
Birmingham, AL   35203
(205) 251-9000
800-633-3733 (Toll Free)
(205)323-0512 (Facsimile)
Email:  tucker@burge-law.com
               ftbjr@burge-law.com


**Plaintiff's Address:**

701 Highland Avenue
Jasper, AL  35501

**Defendants' Addresses:**

The Alabama Great Southern Railroad Company
c/o Crawford S. McGivaren, Jr.
Renasant Place, Suite 700
2001 Park Place
Birmingham, AL   35203

Norfolk Southern Railway Company
c/o Crawford S. McGivaren, Jr.
Renasant Place, Suite 700
2001 Park Place
Birmingham, AL   35203